# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BEVERLY K. BURKE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1225** (BOR Appeal No. 2049539)
                        (Claim No. 870050783)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ST. JOSEPH'S HOSPITAL OF PARKERSBURG,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Beverly K. Burke, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2014, in which the Board affirmed a June 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 31, 2013, decision which denied the treatment and medication requests from Michael Shramowiat, M.D., related to Ms. Burke's degenerative disc disease. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Burke worked for St. Joseph's Hospital of Parkersburg as a registered nurse. On March 20, 1987, she injured her lower back while pulling a patient from under a bed to administer cardiopulmonary resuscitation. Following the injury, Ms. Burke was treated by V. J. Mazzella, M.D., who found that Ms. Burke had sustained an acute lumbar strain. He also found that Ms. Burke had a history of severe degenerative disease at the L4-5 disc which included a recent hospitalization related to her degenerative condition. Dr. Mazzella found that the x-rays taken at the time revealed disc space narrowing at the L4-5 disc compatible with her degenerative disc disease. Dr. Mazzella also noted that Ms. Burke had suffered a 1981, and a 1986 injury to her lower back. At the time of the 1986 injury, a CT scan was taken of Ms. Burke's lumbar spine which showed an L4-5 bulging disc, but there was no evidence of herniation of the disc. The claims administrator held her claim compensable, and Ms. Burke received conservative treatment which initially improved her symptoms. A year later, however, she was readmitted to St. Joseph's Hospital for severe and progressive back pain. An MRI was taken of her lumbar spine which showed degenerative disease at the L4-5 disc, but there was no indication of a herniation.

Dr. Mazzella continued to treat Ms. Burke, but following several years of conservative treatment he believed that she remained permanently disabled and would never be capable of returning to her job as a nurse. On June 30, 1995, the Office of Judges found that Ms. Burke was permanently and totally disabled due to the combined effects of her 1981, 1986, and 1987 injuries.

Ms. Burke continued to receive conservative treatment for her low back injuries following the award of permanent total disability benefits. In April of 2003, Ms. Burke came under the care of Michael Shramowiat, M.D., who found that she continued to have low back pain which radiated into her right leg. Dr. Shramowiat primarily treated Ms. Burke's low back complaints by prescribing pain medications. He also recommended that she receive a second MRI of her lower back. The claims administrator denied his recommendation for a repeat MRI, and its decision was affirmed by the Office of Judges because the medical evidence in the record indicated that Ms. Burke's symptoms were related to her pre-existing degenerative disc disease. Despite the denial, an MRI was taken of Ms. Burke's lumbar spine which revealed severe loss of disc height at the L4-5 disc with diffuse osteophyte complex resulting in moderate right and mild left foraminal stenosis. Paul Bachwitt, M.D., then evaluated Ms. Burke. He found that her lumbar sprain on March 20, 1987, was superimposed on pre-existing degenerative changes. He believed that her current complaints were related to the natural progression of her degenerative disc disease and not the compensable injury. He specifically recommended against authorizing injections or the opioid pain medications to treat an injury that occurred more than twenty-five years earlier. Dr. Shramowiat submitted a request to the claims administrator that Ms. Burke receive the medications Robaxin, Vicoprofen, and Ambien. On May 31, 2013, the claims administrator denied Dr. Shramowiat's request for treatment and medications.

Dr. Shramowiat then submitted a letter to the claims administrator disagreeing with Dr. Bachwitt's assessment of Ms. Burke's condition. He believed that the March 20, 1987, lumbar sprain had accelerated the effect of her degenerative changes. Dr. Shramowiat also testified by deposition that Ms. Burke has complained of constant low back pain since he began treating her

2

in 2003. He testified that he believed the loss of disc height revealed in the most recent MRI was an indication that the lumbar disc had been damaged during the compensable injury of March 20, 1987. He believed that the injury was a definite cause of Ms. Burke's increased degenerative changes, even though he admitted that her current condition could be partly due to age-related degeneration. On June 9, 2014, the Office of Judges affirmed the claims administrator's May 31, 2013, decision. The Board of Review affirmed the Office of Judges' Order on October 28, 2014, leading Ms. Burke to appeal.

The Office of Judges concluded that the evidence in the record indicates that the treatment requested by Dr. Shramowiat was not medically related or reasonably required to treat Ms. Burke's compensable injury. The Office of Judges based this conclusion, in part, upon the objective diagnostic studies which revealed that Ms. Burke's current symptoms were primarily related to lumbar degenerative disc disease. The Office of Judges compared the results of the 1986 CT scan with the x-ray and MRI taken shortly after the compensable injury and determined that there was no appreciable change in Ms. Burke's lumbar spine following the compensable injury. It also relied on the evaluation of Dr. Bachwitt and found that his opinion was supported by the remainder of the evidence in the record. The Office of Judges considered the treatment notes of Dr. Shramowiat, but it found his opinion was not persuasive considering that the diagnostic evidence in the record indicated that Ms. Burke needed the requested treatment because of her age-related degenerative disc disease and not because of the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.[1]

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Burke has not demonstrated that the treatment and medications requested by Dr. Shramowiat, including the medications Vicoprofen and Robaxin as well as epidural injections, are medically related and reasonably required to treat the compensable injury. The evidence in the record demonstrates that Ms. Burke sustained a compensable lumbar sprain over twenty eight years ago. Although she ultimately received permanent total disability benefits due to the cumulative impairment of several of her prior injuries, the record demonstrates that her current low back symptoms and her need for the requested medical benefits are not related to her twenty-eight-year-old soft tissue injury. The diagnostic evidence indicates that Ms. Burke's lumbar degeneration was present prior to the compensable injury and not aggravated by it. The Office of Judges was justified in relying on this evidence. The opinion of Dr. Shramowiat is not sufficient to support Ms. Burke's request for medications and treatment, particularly considering that his opinion was not supported by the diagnostic evidence in the record. The Office of Judges, therefore, was within its discretion in disregarding his opinion. Dr. Shramowiat's request for Vicoprofen, furthermore, is presumptively improper and unnecessary under West Virginia Code of State Rules § 85-20-60.1(b) (2006) which discourages the use of opioid medication for "chronic, noncancer pain" for a period longer than three months unless there is "documentation of substantial and progressive continuing improvement." The treatment records of Dr.

---

[1] The Board of Review noted that the denial of Ms. Burke's current medical benefits request shall not be interpreted as addressing any future requests for treatment. It directed the claims administrator to consider the merits of each request for treatment and issue a protestable order setting forth the ruling on each request.

Shramowiat demonstrate that Ms. Burke's chronic pain has not improved despite several years during which he has treated her with opioid pain medication.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II